UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Alan Miller, #161975 | ) C/A No. 2:09-39-JFA-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Vocational Rehabilitation Workshop, Inc., and Ms. Williams, | ) |
| Defendants. | ) |

## Introduction

The plaintiff, John Alan Miller, proceeding *pro se*, files this civil complaint, which is construed as an action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint should be dismissed for failure to state a claim on which relief may be granted and because it seeks monetary relief against a defendant who is immune from such relief.

## *Pro Se* Review pursuant to the PLRA

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court

2

can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The plaintiff brings suit against Ms. Williams who allegedly is employed by Vocational Rehabilitation Workshop, Inc. The plaintiff alleges that he is suing Ms. Williams because she is the "only name" he has in connection with Vocational Rehabilitation Workshop, Inc. He states, "[t]his information on her is the only name listed for her in my court transcripts." The plaintiff does not allege any information about Vocational Rehabilitation Workshop, Inc., for example, the address or type of business or agency it is. He does allege that he has written Vocational Rehabilitation Workshop, Inc. on more than one occasion requesting copies of his records but that he has received no response.

The plaintiff alleges that he was assessed by Vocational Rehabilitation Workshop, Inc. and then denied rehabilitative services, and the plaintiff alleges that the said agency may have made a determination concerning the plaintiff's "medical mental health." The plaintiff has been seeking copies of the agency's records related to his assessment and diagnosis and the denial of his request for services. He claims that Vocational Rehabilitation Workshop, Inc. has not complied with the Freedom of Information Act. Plaintiff seeks monetary damages and a copy of his file.

## Discussion

To the extent plaintiff seeks relief pursuant to 42 U.S.C. § 1983, the defendant designated as "Vocational Rehabilitation Workshop, Inc." is protected by Eleventh Amendment immunity.[2] While the plaintiff does not allege it, the court takes judicial notice that the State of South Carolina has an agency named the Vocational Rehabilitation Department with work training centers located throughout the state.[3] See South Carolina Vocational

---

[2] The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[3] The court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

Rehabilitation Department Homepage, http://scvrd.net (last visited Jan. 13, 2009). This agency was created by the state to be an employment agency for people with disabilities. *Id.* The address of the South Carolina Vocational Rehabilitation Department's Rock Hill Work Training Center is the same address given by the plaintiff on his Form USM-285 which he submitted for service of process for "Vocational Rehabilitation Workshop, Inc." Therefore, the plaintiff is bringing suit against a state agency even though the plaintiff improperly designated the state agency as "Vocational Rehabilitation Workshop, Inc."[4]

Although the Eleventh Amendment's language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1889), held that the purposes of the Eleventh Amendment, i.e., protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment forbids a federal court from rendering a monetary judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). The State of South Carolina

---

[4] The court is mindful that a *pro se* litigant's complaint should not be dismissed *sua sponte* unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. See *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). Here, the court is not resolving a dispute in fact. Instead, by taking judicial notice of a fact that cannot be disputed (the defendant listed as "Vocational Rehabilitation Workshop, Inc." is actually a state agency), the court merely finds that it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief.

has not consented to suit in a federal court.[5]  *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

Agencies of the state share this immunity when they are the alter egos of the state.  Even though the state is not named as a party to the instant action, the suit may be barred by the Eleventh Amendment if the plaintiff, a private party, seeks to recover money from the state's public funds.  *Edelman*, 415 U.S. at 663.  In the case *sub judice*, plaintiff seeks damages which are barred by the Eleventh Amendment.  Therefore, any § 1983 claims the plaintiff may be attempting to allege against the South Carolina Vocational Rehabilitation Department should be dismissed.[6]

Additionally, the plaintiff's complaint alleges that the state agency (improperly designated "Vocational Rehabilitation Workshop, Inc.") has failed to comply with his requests for information under the Freedom of Information Act (FOIA).  To the extent the plaintiff seeks relief under the Federal FOIA, he is not entitled to it.  The

---

[5] The plaintiff's claims pursuant to § 1983 may be filed in the state court of common pleas against those defendants who may not be sued in federal court due to the Eleventh Amendment.

[6] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

6

Federal FOIA is applicable to agencies or departments of the government of the United States, and it is not applicable to agencies or departments of a state. See 5 U.S.C. § 551(1). See also, *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("it is beyond question that FOIA applies only to federal and not to state agencies"); *Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA . . . applies only to federal executive branch agencies"); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (definition of "agency" under FOIA "does not encompass state agencies or bodies"). Therefore, plaintiff's Federal FOIA claim against the South Carolina Department of Vocational Rehabilitation is subject to summary dismissal because it fails to state a cognizable claim.[7]

The claims against defendant Williams should also be summarily dismissed. Defendant Williams is sued because the plaintiff believes that she is employed by "Vocational Rehabilitation Workshop, Inc." The plaintiff alleges that he is suing Ms. Williams because she is the "only name" he has in connection with Vocational Rehabilitation Workshop, Inc. He states, "[t]his information on her is the only name listed for her in my court transcripts." The plaintiff's allegations admit that he merely

---

[7] The State of South Carolina has a Freedom of Information Act which applies to state agencies. See S.C. Code Ann. § 30-4-10, *et seq.* (1976). See also *Seago v. Horry County*, 663 S.E.2d 38 (S.C. 2008).

7

brings suit against her in her representative capacity not because she took or failed to take any action. Liability cannot be imposed on Ms. Williams on the basis of actions taken by other agency officials or employees at the South Carolina Vocational Rehabilitation Department. It is well-settled that the doctrine of vicarious liability and the doctrine of "*respondeat superior*" are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

_____
Robert S. Carr
United States Magistrate Judge

January 14, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9