UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Alan Miller, | ) | C/A No. 2:09-39-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Vocational Rehabilitation Workshop, Inc.; and Ms. Williams, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, John Alan Miller, is an inmate with the South Carolina Department of Corrections. Proceeding *pro se*, Miller brings this action pursuant to 42 U.S.C. Section 1983 contending that the defendant's denial of his requests for copies of his file violates the federal Freedom of Information Act (FOIA) and his constitutional rights. He seeks money damages and a copy of his records from the defendant.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the plaintiff's complaint should be summarily dismissed for failure to state a claim upon which relief may be granted. Specifically, the Magistrate Judge suggests that the defendant, "Vocational Rehabilitation Workshop, Inc." is protected

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

by Eleventh Amendment immunity. Even though the State of South Carolina is not named as a party to the instant action, the suit may be barred by the Eleventh Amendment if the plaintiff, a private party, seeks to recover money from the state's public funds. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). As the plaintiff seeks to recover money damages from the state's public funds, this claim is barred under the Eleventh Amendment.

The Magistrate Judge also recommends that the claims against defendant Williams be summarily dismissed as well. The plaintiff named Ms. Williams in the complaint because he believes that she is employed by and is the "only name" he has in connection with Vocational Rehabilitation Workshop, Inc. The plaintiff merely brings suit against defendant Williams in her representative capacity, not because she took or failed to take any action.

This court agrees with the Magistrate Judge that defendant Williams should be summarily dismissed as the doctrine of vicarious liability and respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977).

As to the plaintiff's claim that the defendant failed to comply with his requests for records under the FOIA, such claim is without merit. The federal FOIA is applicable to agencies or departments of the United States Government, not state agencies or departments.

The plaintiff filed timely objections to the Report which this court has carefully reviewed and finds them to be without merit.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation and the objections thereto, the court agrees with the Magistrate Judge's recommendation and incorporates the Report herein by reference. Accordingly, this action

2

is dismissed without prejudice and without issuance and service of process.

Plaintiff's motions to compel, for sanctions, and for punitive damages are denied as well.

IT IS SO ORDERED.

February 25, 2009
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge